IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED
**July 1, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**TINA W.,**
**Respondent Below, Petitioner**

**v.) No. 23-ICA-396**          (Fam. Ct. Taylor Cnty. Case No. 14-D-40)

**SPENCER W.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tina W.[1] appeals twelve orders entered by the Family Court of Taylor County in July of 2023, dismissing her various pleadings and/or letters that involved the ongoing contempt of Respondent Spencer W. The family court concluded that Tina W.'s pleadings and/or letters failed to state a prima facie case, were improperly filed, or were merely "correspondence" rather than pleadings. Spencer W. did not participate in this appeal.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were divorced by an agreed divorce order entered on January 13, 2015. In that order, Spencer W. was ordered to pay Tina W. $550,000 with 5% interest accruing per year for her share of equitable distribution. The final divorce order also divided the family's multiple businesses and ordered Spencer W. to pay child support.

Spencer W. failed to comply with the parties' agreed divorce order. Thereafter, Tina W. filed her first of many petitions for contempt on March 26, 2015, which was followed by numerous other pleadings and documentation being filed with the family court. After multiple hearings on Spencer W.'s longstanding contempt, he now allegedly owes more than $700,000, including interest, to Tina W. for her share of equitable distribution.

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Tina W. is self-represented.

Relevant to this appeal is a family court order entered on March 7, 2022, which was entered following a hearing on July 19, 2021. In that order, the family court held that "all pending [contempt] petitions filed by [Tina W.] were considered to be ongoing without the need . . . to file additional, supplemental allegations of ongoing and uncured contemptuous [alleged] conduct [of Spencer W.]." Despite the family court's directive for Tina W. *not* to file additional pleadings regarding the same uncured contempt by Spencer W., Tina W. continued to file numerous pleadings and/or letters with the family court.

Events leading to this appeal began when Tina W. filed a petition for contempt on July 18, 2022, which was dismissed by the family court on July 27, 2022. The petition was dismissed because Spencer W. was already incarcerated for failure to purge his contempt. Tina W. then filed a letter on July 29, 2022, which was dismissed because it was "correspondence" and not a pleading.

Thereafter, three petitions for contempt were filed by Tina W. on September 23, 2022, November 3, 2022, and February 14, 2023. All three petitions were dismissed for failure to state a prima facie case, as Spencer W. was already incarcerated for his contempt.

Also, on February 14, 2023, Tina W. filed a motion to compel against Spencer W.'s then attorney, followed by two letters she filed with the family court on March 15, 2023, and on March 22, 2023. The motion and both letters were denied by the family court.

Next, Tina W. filed an emergency petition for a modification of the parenting plan on April 5, 2023, which was dismissed by the family court as being improperly filed but granted Tina W. leave to re-file her petition in proper form. Another letter was filed by Tina W. on April 25, 2023, regarding Spencer W.'s vacation. The letter was dismissed because it appeared to be in Spencer W.'s handwriting and was not properly filed.

Spencer W.'s former attorney filed a motion to withdraw as counsel on or about July of 2023, because Spencer W. was incarcerated and unable to pay his legal fees. Over Tina W.'s objections, the family court granted the motion to withdraw by order entered on July 21, 2023. Lastly, due to the lengthy and ongoing nature of Spencer W.'s contempt, the parties attempted to develop a plan by which Spencer W. could purge his contempt. Tina W. proposed her own plan, but the family court adopted an alternative purge plan, which was entered on July 27, 2023.

It is from the above twelve orders that Tina W. now appeals. Some of Tina W.'s assignments of error have been consolidated due to their similarity. *See generally Tudor's Biscuit World of Am. v. Critchley,* 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (stating that "the assignments of error will be consolidated and discussed accordingly").

2

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, No. 22-918, 2024 WL 2966177, __ W. Va. __, __ S.E.2d __ (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Tina W. asserts that her four letters should have been received by the family court because she is pro se, they contained important information relevant to her case, and because Spencer W. was once allowed to file "correspondence" rather than a pleading. We disagree. West Virginia Code § 51-2A-7(a)(1) (2013) gives family courts the power to "[m]anage the business before them." In doing so, the family court acted within its authority and sound discretion to dismiss any document that was not properly filed as pleadings.

As to her four petitions for contempt, Tina W. contends that they should not have been dismissed because three of them contained updated information and one contained twenty-five exhibits. We disagree. In its March 7, 2022, order, the family court directed that "all pending [contempt] petitions filed by [Tina W.] were considered to be ongoing without the need . . . to file additional, supplemental allegations of ongoing and uncured contemptuous [alleged] conduct [of Spencer W.]." The family court dismissed Tina W.'s contempt petitions because they failed to state a prima facie case, as Spencer W. was already being sanctioned for his ongoing contempt. Because the family court had previously instructed Tina W. *not* to file repeated petitions for contempt, we conclude that the family court did not commit error or abuse its discretion as to this assignment of error.

Next, regarding the family court's refusal to adopt Tina W.'s purge plan, Tina W. requests that this Court hear her pleadings as trier of fact and to disqualify the family court judge. However, this Court does not have jurisdiction to entertain new evidence or disqualify family court judges. "An appellate court may not . . . weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). Further, this Court does not have jurisdiction to address Tina W.'s request for the family court judge's recusal. The process to seek to disqualify a judge is set forth in Rule 17 of the West Virginia Trial Court Rules, pursuant to Rule 58(a) of the West Virginia Rules of Practice and Procedure for Family Court.

Regarding the family court's dismissal of Tina W.'s petition for modification of the parenting plan, Tina W. asserts that it was filed correctly, was listed on the docket sheet, and she had an approved fee waiver. While the family court dismissed Tina W.'s petition as improperly filed, it did not foreclose her ability to seek a modification, but rather, the family court granted her leave to re-file a proper petition. West Virginia Code § 51-11-4(b)(2) (2022) expressly limits our jurisdiction to "*[f]inal* judgments or orders of a family court, entered after June 30, 2022" (emphasis added). Our Supreme Court has held that: "A case is final only when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined." *Nat'l Union Fire Ins. Comp. of Pittsburgh, PA v. Westlake Chemical Corp.*, 900 S.E.2d 1, 7 (2024). The family court permitted Tina W. to refile her petition to modify and did not address the merits of Tina W.'s petition. Accordingly, the order was not a final and appealable order subject to appeal.

Lastly, regarding Tina W.'s motion to compel against Spencer W.'s former counsel and the family court's order granting Spencer W.'s attorney's motion to withdraw as counsel, she asserts that the family court gave no reason for denying her motion to compel. Further, she argues that the family court failed to note her objections in its order granting the motion to withdraw as counsel and failed to include appeal language. The West Virginia Rules of Professional Conduct governs motions to withdraw as counsel. Rule 1.16(b)(6) states that a lawyer shall withdraw from the representation of a client if "the representation will result in an unreasonable financial burden on the lawyer." Here, Spencer W.'s counsel moved to withdraw from representation because Spencer W. was incarcerated and unable to pay his legal fees. Given the authority of Rule 1.16(b)(6) and Spencer W.'s inability to pay for his continued representation, we find no error in the family court's decision under these circumstances to grant the motion to withdraw without noting Tina W.'s objections or including appeal language in its order.

Accordingly, we affirm the orders entered by the Family Court of Taylor County over which we have jurisdiction as addressed herein.[3]

Affirmed.

**ISSUED:** July 1, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

---

[3] Aside from contempt proceedings in family court, we note that Tina W. has other civil remedies available to her in which to seek execution of the family court's judgment against Spencer W.